# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1919V**
**Filed: April 29, 2026**

|  |  |
|---|---|
| JAMES PATTERSON,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On December 21, 2020, James Patterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act").  Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of influenza ("flu") and Hepatitis A vaccinations he received on November 19, 2019.  (ECF No. 1.)

On January 21, 2026, a ruling on entitlement was issued, finding petitioner entitled to compensation for a significant aggravation of bilateral shoulder pathology caused-in-fact by his November 19, 2019 vaccinations.  (ECF No. 50.)  On April 28, 2026, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum of $70,874.72, representing $68,500.00 in pain and suffering and $2,374.72 in past unreimbursable expenses related to his vaccine-related injury.  (ECF No. 57.)  In the Proffer, respondent represented that

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

petitioner agrees with the proffered award.  (*Id.* at 2.)  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $70,874.72 (representing $68,500.00 in pain and suffering, and $2,374.72 in past unreimbursable expenses) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, James Patterson.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| JAMES PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | No. 20-1919V (ECF) |
| | ) | Special Master Daniel T. Horner |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On December 21, 2020, James Patterson ("petitioner") filed a petition ("Petition") for

compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C.

§§ 300aa-1 *et seq*. ("Vaccine Act" or "Act").  Petition.  On March 30, 2022, petitioner filed an

amended petition ("Amended Petition" or "Am. Petition") in which he alleges that his receipt of

an influenza ("flu") vaccine in his left deltoid and Hepatitis A ("hep A") vaccine in his right

deltoid on November 19, 2019, caused him to suffer a bilateral Shoulder Injury Related to

Vaccine Administration ("SIRVA").  Am. Petition at 1.  Petitioner alternatively alleges "a claim

of significant aggravation."  *Id.*  On June 26, 2023, the Secretary of Health and Human Services

("respondent") filed a Rule 4(c) Report recommending against compensation.  ECF No. 30.  On

January 21, 2026, Special Master Daniel T. Horner issued a Ruling on Entitlement, finding

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

petitioner entitled to compensation for a significant aggravation of bilateral shoulder pathology.[2]
ECF No. 51.

## I.    <u>Items of Compensation</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

### A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$68,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$2,374.72.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    <u>Form of the Award</u>

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

---

[2] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's January 21, 2026 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act.  This right accrues following the issuance of the Damages Decision.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses; future lost earnings; and future pain and suffering.

A lump sum payment of **$70,874.72** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, James Patterson.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

*/s/ Rachelle P. Bishop*
RACHELLE P. BISHOP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-3662
Rachelle.P.Bishop@usdoj.gov

DATED:  April 28, 2026

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that today, April 28, 2026, a copy of the foregoing pleading was served by electronic mail to petitioner's counsel of record.

4